# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs on April 26, 2011

## STATE OF TENNESSEE v. MARK EDWARD COFFEY

**Direct Appeal from the Criminal Court for Washington County**
**No. 31527C      R. J. Beck, Judge**

_____

**No. E2010-01486-CCA-R3-CD - Filed November 1, 2011**

_____

Pursuant to a negotiated plea agreement, Defendant, Mark Edward Coffey, pled guilty to facilitation of second degree murder. Defendant was sentenced as a Range I standard offender to eight years, suspended and placed on probation. Defendant was charged with a violation of probation, and after a hearing, the trial court revoked his probation and ordered him to serve his original sentence in confinement. Defendant appeals. Finding no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS, J., joined. DAVID H. WELLES, SP.J., not participating.

C. Brad Sproles, Kingsport, Tennessee, for the appellant, Mark Edward Coffey.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; H. Greeler Wells, District Attorney General; and Joseph Eugene Perrin, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

_Facts_

On November 22, 2005, pursuant to a negotiated plea agreement, Defendant pled guilty to facilitation of second degree murder and was sentenced to eight years to be suspended on probation. On December 11, 2009, a probation violation warrant was issued, alleging that Defendant had violated the conditions of his probation by: 1) committing the

new offenses of public intoxication, disorderly conduct, and resisting arrest; 2) drinking alcohol to excess; and 3) behaving in an assaultive and threatening manner.

At a hearing on June 3, 2010, Officer Andy Hodges of the Johnson City Police Department testified that on December 8, 2009, he responded to a call to Defendant's residence. When he arrived, he observed Defendant outside of his house. Defendant's face was bleeding, and he appeared intoxicated. Defendant's speech was slurred and he was having trouble maintaining his balance. Defendant was loud and uncooperative. Officer Hodges testified that "[i]t was very apparent [that Defendant was intoxicated]. He was incredibly inebriated." Defendant was "very unstable," and Officer Hodges asked him to sit on the stoop. Defendant fell over while sitting down. Officer Hodges tried to calm Defendant down and asked him questions to discern how his injuries had occurred. Defendant was angry and aggressive towards Officer Hodges. Defendant grabbed at Officer Bishop, and Officer Hodges placed Defendant under arrest for public intoxication and disorderly conduct. After Officer Hodges put Defendant into the backseat of his patrol car, Defendant began spitting and kicking inside the car. Officer Hodges transported Defendant to Northside Hospital, where Defendant was "very belligerent" with hospital staff. Defendant had to be physically restrained for treatment of his injuries.

Defendant's brother George Coffey testified that he was sleeping at Defendant's residence on the night of Defendant's arrest. He was awakened by "the commotion and ruckus" of an altercation between Defendant and their younger brother. Defendant's nose was bleeding from having been hit with something in the face by his brother's girlfriend, Shelley. Mr. Coffey testified that when Officers Bishop and Hodges arrived, he and Defendant were on the front porch. Defendant was "intoxicated" and "loud." Mr. Coffey saw Defendant fall over while sitting on the porch. He testified that Officer Hodges spoke to Defendant in a "forceful" and "demanding" manner. Defendant stated that his nose hurt, and he hit his own Jeep. After EMS arrived, Defendant refused to walk to the sidewalk or go to the hospital. Mr. Coffey offered to take Defendant to the hospital. Mr. Coffey went inside to get a shirt, but when he came back outside, he saw Defendant already inside the officer's patrol car.

Steve Whittaker, Defendant's cousin, testified that he was at Defendant's residence on the night of the incident. He was sitting in his car in front of the house when George Coffey went inside to get a shirt. He saw the paramedics check on Defendant, and Defendant refused to go to the hospital. He saw Defendant stand up, and the officers put handcuffs on him. He testified that Defendant was calm and cooperative. On cross-examination, Mr. Whittaker testified that he heard Defendant yell, but it was not very loud. He testified that "there was [sic] sometimes when he got a little bit irate and they had asked him to calm down a little bit." He also testified that Defendant was intoxicated.

The trial court ruled that the State established by a preponderance of the evidence that Defendant violated the terms and conditions of his probation in that he committed the offense of public intoxication. The court stated:

> There is no doubt before this Court the Defendant was guilty of public intoxication when the police arrived at the scene of the altercation. . . . [and] [t]hat Defendant presented both a danger to himself or a danger to others. There's really not much dispute about that from anybody that – witnesses from either side.

The trial court also found that "[c]learly the Defendant was under the influence of alcohol to an excessive amount" and that he had resisted arrest, in violation of the terms and conditions of his probation. The court found, however, that the evidence was insufficient as to the charge against Defendant of disorderly conduct.

*Sentencing*

Sandy Rawles, Defendant's probation officer, testified that she began supervising Defendant's probation in July, 2009, following his release from incarceration for a prior DUI conviction. Defendant was on "maximum supervision" due to his criminal history. Defendant had been reporting as ordered, providing proof of employment, and making payments toward his probation fees. Defendant admitted to Ms. Rawles that he had an alcohol problem. Ms. Rawles recommended to the court that, in the event Defendant was released back into the community, he be ordered to complete an inpatient drug and alcohol treatment program. She testified that Defendant had an extensive criminal history and a history of violating probation and that he had completed a Residential Substance Abuse Treatment (RSAT) program while at the Washington County Detention Center in 1999.

The trial court found that Defendant had "an extensive prior record, both misdemeanor and felony." The court further found that Defendant had "not been successful in regards to the overall treatments he's received at the hands of the Court." The trial court ordered Defendant to serve his sentence.

*Analysis*

Defendant asserts that the evidence does not support the trial court's decision to revoke his probation. As we understand Defendant's argument, Defendant asserts that the trial court abused its discretion in finding that Defendant violated probation because 1) the trial court found insufficient evidence that Defendant committed the offense of disorderly conduct; 2) there was insufficient evidence that Defendant resisted arrest in that the officer

testified that Defendant's hostile and aggressive conduct occurred after Defendant was already in custody; and 3) while the evidence established that Defendant was intoxicated, it was an abuse of discretion for the trial court not to consider whether that alone would justify a revocation.

A trial judge is vested with the discretionary authority to revoke probation if a preponderance of the evidence establishes that a defendant violated the conditions of his or her probation. *See* Tenn. Code Ann. §§ 40-35-310, -311(e); *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). "The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment." *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991).

When a probation revocation is challenged, the appellate courts have a limited scope of review. This Court will not overturn a trial court's revocation of a defendant's probation absent an abuse of discretion. *See Shaffer*, 45 S.W.3d at 554. For an appellate court to be warranted in finding that a trial judge abused his or her discretion by revoking probation, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Id*.

The trial court found that Defendant violated his probation by committing new offenses and by drinking alcohol excessively and credited Officer Hodges' testimony. Officer Hodges testified that Defendant was obviously intoxicated, that he had slurred speech, and that he was unsteady on his feet. Defendant was also yelling and uncooperative with the officers and paramedics. Defendant was aggressive and hostile. He struck a vehicle with his fist and was kicking and spitting inside the officer's vehicle. The other witnesses also testified that Defendant was intoxicated. We conclude that the record supports the trial court's findings.

Defendant further asserts that the trial court abused its discretion by not considering "options available for treatment." At the conclusion of the hearing, the trial court stated, "I understand the Court's required to consider other – things other – alternatives to incarceration. But looking at . . . the original presentence report, the history of this case, and all the evidence that's been presented, Defendant will just be required to serve his sentence."

Tenn. Code Ann. § 40-35-310 authorizes a trial court to revoke the suspension of a defendant's sentence and "order the original judgment so rendered to be in full force an effect from the date of the revocation of suspension, . . . ." The statute further provides as follows:

(b) In addition to the power to restore the original judgment when suspension of sentence is revoked, the trial judge may also resentence the defendant for the remainder of the unexpired term to any community-based alternative to incarceration authorized by chapter 36 of this title; provided, that the violation of the defendant's suspension of sentence is a technical one and does not involve the commission of a new offense.

Tenn. Code Ann. § 40-35-310(b).

The proof at the hearing supports the trial court's findings that Defendant committed new offenses in violation of the conditions of his probation. Based on the evidence, as well as Defendant's prior criminal history, we conclude that the trial court was within its discretion by sentencing Defendant to serve his original sentence. Defendant is not entitled to relief.

## CONCLUSION

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE